# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:20CR00046 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **BRIAN MICHAEL PARKS,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Parks, Pro Se Defendant.*

The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). I find that statutory sentencing factors weigh against a reduction. It is therefore **ORDERED** that the motion, ECF No. 40, is DENIED.

After pleading guilty pursuant to a written plea agreement, Parks was sentenced by this court on February 16, 2021, to a total term of imprisonment of 12 months and one day for one count of introducing misbranded drugs into interstate commerce with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(d), 333(a)(2), & 333(b)(1)(A). At his request, I allowed him to delay self-reporting until July 1, 2021. About six weeks after he began serving his sentence, after exhausting his administrative remedies, he filed the instant motion for

compassionate release. The ground of his motion is the risk posed to him by the COVID-19 pandemic.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant. In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

Among other medical conditions, Parks suffers from asthma, which places him at an elevated risk of severe illness from COVID-19. He asserts that he cannot be vaccinated against COVID-19 because he is allergic to polyethylene glycol, an ingredient in the Moderna and Pfizer/BioNTech COVID vaccines. His medical records indicate that he told a Bureau of Prisons Health Services provider that he

had experienced anaphylactic shock in response to a flu vaccine in 2009, purportedly due to polyethylene glycol. ECF No. 48 at 123. On August 11, 2021, Sara Beyer, M.D., noted:

> [Inmate] [i]s allergic [to] glycerine (binding agent in Johnson & Johnson Covid Shot[)]. I questioned how he knew this and he stated that he had anaphylactic shock with the flu vaccine. Questioned how they knew it was glycerine and he said he was not sure. [Inmate] states he is also allergic to polyethyl glycol in the Pfizer and Moderna shots. States he had anaphylactic shock with the flu vaccine. Will do allergy testing.

*Id.* at 12. Dr. Beyer ordered an egg component panel test, which detected no allergen-specific antibodies. *Id.* at 142. Aside from Parks' own statements, the record contains no evidence to support that he is in fact allergic to polyethylene glycol or glycerin.

Parks bears the burden of proving an extraordinary and compelling reason for his release, and the sparse evidence before the court is unconvincing with respect to his asserted allergy. Assuming he does have such an allergy and cannot safely be vaccinated, his risk of contracting the virus is lessened now that vaccines are available to his fellow inmates and staff at his facility. FCI Butner Medium I, where Parks is housed, is currently reporting 5 confirmed active cases among staff and zero among inmates. Federal Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last visited Oct. 6, 2021). Given this data, it appears that Parks' current risk of contracting COVID-19 is low.

In any event, even if he had established an extraordinary and compelling reason, the § 3553(a) factors weigh against releasing Parks.  I considered Parks' health conditions and the COVID-19 pandemic when I sentenced him, although at that time, he did not reveal his alleged allergies.  *See* Presentence Investigation Report ¶¶ 52–55, ECF No. 22.  Nothing has changed in the past seven months that would affect my assessment of the § 3553(a) factors.  Parks has served only about three months of his short sentence, which was already below his Guidelines range of 18 to 24 months.

As I noted during the sentencing hearing, Parks engaged in a fraudulent scheme for years before he was caught.  Enforcement against these kinds of crimes is particularly difficult, so deterrence is especially important.  The substances he distributed had the potential to significantly harm the people who consumed them.  I therefore continue to believe that the sentence he is serving is sufficient but not greater than necessary to serve the statutory purposes.

ENTER: October 7, 2021

/s/ JAMES P. JONES
Senior United States District Judge